BLACK, Circuit Judge,
concurring in part and dissenting in part:
I agree with the majority’s well-reasoned decision as to the School Board, as set forth in Part II of the opinion. I disagree, however, with the majority’s decision as to the qualified immunity of the school officials.
The school officials begin with qualified immunity. To overcome this immunity, Appellant has the burden of pointing to pre-existing case law that involves materially similar facts and truly compels the conclusion that the school officials violated his First Amendment rights. Whether the complaint alleges the violation of a clearly established right is a question of law subject to de novo review.
A school official does not violate a student’s First Amendment rights by restricting the student’s conduct, so long as the official reasonably believes the student’s conduct might lead to material disruption. Tinker v. Des Moines Indep. Community Sch. Dist., 393 U.S. 503, 513-14, 89 S.Ct. 733, 740, 21 L.Ed.2d 731 (1969). Neither party has cited, nor could I find, any case clearly establishing the unreasonableness of a school official’s belief that the display of a Confederate battle flag in a racially integrated school in the deep South might lead to material disruption. In the absence of such a case, the school officials are entitled to immunity. Accordingly, I respectfully dissent from Part I of the opinion.